**COMP**
RANDAL R. LEONARD, ESQ.
Nevada Bar No. 6716
Law Office of Randal R. Leonard, Esq.
500 S. Eighth St.
Las Vegas, NV 89101
(702) 598-3667/ office
(702) 598-3926/ facsimile
rleonard999@yahoo.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Rosemarie T. Bone, Special Administrator of the Estate of Romeo Teodoro, Deceased; Rosemarie T. Bone, an individual; Ernesto Teodoro, an individual; and Elenita Pangalilingan, an individual;

           Plaintiffs,

v.

Korean Air Lines Co, Ltd., a foreign corporation; Does 1 through 10; and Roe Corporations 1 through 10;

           Defendants.

Case No.:

Dept. No.:

**JURY DEMAND**

# COMPLAINT

COMES NOW, Plaintiff, by and through RANDAL R. LEONARD, ESQ., and hereby complains against the above-named defendants as follows:

## PARTIES & JURISDICTION

1.    That for all times and purposes herein, Defendant KOREAN AIR LINES CO., LTD., is a foreign corporation. That at all times relevant hereto, Defendant regularly conducted and

COMPLAINT                                                                                                 Page 1

transacted business in the State of Nevada by various means, including, but not limited to, providing commercial air carrier service from and into the State of Nevada, and otherwise conducting and availing itself of business opportunities in Nevada, which constitutes transacting business in this State.

2. That for all times and purposes herein, Plaintiff ROSEMARIE T. BONE is a resident of the County of Clark, State of Nevada, and is authorized by law to file this action on behalf of the deceased and his heirs.

3. That for all times and purposes herein, Plaintiff ROSEMARIE T. BONE is a resident of the County of Clark, State of Nevada, and is the daughter of the deceased, ROMEO TEODORO.

4. That for all times and purposes herein, Plaintiff ERNESTO TEODORO is a resident of the County of Clark, State of Nevada, and is the son of the deceased, ROMEO TEODORO.

5. That for all times and purposes herein, Plaintiff ELENITA PANGALILINGAN is a resident of Canada, and is the daughter of the deceased, ROMEO TEODORO.

6. That Plaintiff is unaware as to the identities of Defendants DOES 1 through 10, however, Plaintiff reserves the right to amend this Complaint should the identities of said individual Defendants come to light through the litigation process.

7. That Plaintiff is unaware as to the identities of Defendants ROE Corporations 1 through 10; however, Plaintiff reserves the right to amend this Complaint should the identities of said corporation Defendants come to light through the litigation process.

8. Jurisdiction and Venue are proper in this Court pursuant to 28 U.S.C. § 1332, due to diversity of citizenship among the parties, and the amount in controversy being in excess of seventy five thousand dollars ($75,000.00), exclusive of interest and costs of suit. Additionally, jurisdiction is proper because there is a Federal Question. Venue is proper under 28 U.S.C. § 1391(a).

# FACTUAL ALLEGATIONS

9. That during the months of October through December, 2012, ROMEO TEODORO (deceased) travelled to the country of the Philippines with his son ERNESTO TEODORO visiting relatives.

10. That while visiting the Philippines, ROMEO TEODORO (DOB 9/6/1927) was seen by a physician, as he had suffered from diabetes and was wheelchair bound. At this medical examination, Romeo was found to be in good health and cleared to travel back to the United States.

11. That on December 5, 2012, ROMEO TEODORO and his son ERNESTO TEODORO boarded a KOREAN AIR LINES CO., LTD. flight back to the United States. This flight was departing the Philippines, bound for Las Vegas, Nevada, USA; but, had a stopover in Seoul, South Korea.

12. That during the initial flight from the Philippines to Seoul, South Korea, ROMEO was seated in the last row of the aircraft.

13. That once the flight landed in Seoul, South Korea, ERNESTO TEODORO exited the aircraft (as instructed by the flight crew) and waited at the gate for his father. ROMEO TEODORO, being wheelchair bound, depended on the flight crew to assist him to exit the aircraft.

14. That the flight crew of the KOREAN AIR LINES flight apparently forgot about ROMEO, or willfully failed to assist him, and negligently left him in his seat on the empty aircraft.

15. That during this time that ROMEO was left on the aircraft, where he was seated in the last row, aircraft personnel opened the back door of the aircraft. During this time the temperatures outside were approximately five below Fahrenheit (-5°); and, it was also snowing, with snow blowing into the aircraft.

16. That ROMEO was eventually noticed, and assisted off the aircraft, after having been subjected to intense cold temperatures for an unreasonable and unnecessary time.

17. That during the time at the Seoul airport, while waiting for the connecting flight to Las Vegas, Nevada, ROMEO was complaining of chills and was otherwise suffering as a result of Defendants' conduct.

18. That ROMEO and his son ERNESTO eventually boarded the plane bound for Las Vegas, Nevada, USA.

19. That during this flight, both ROMEO and ERNESTO fell asleep. When ERNESTO woke up a few hours later, he found his father, ROMEO, unresponsive.

20. Personnel from KOREAN AIR LINES CO., LTD. requested that ERNESTO carry his unresponsive father to the rear of the airplane. There a retired physician attempted to revive ROMEO, performing CPR to no avail. That it was determined ROMEO had passed away during the flight from Seoul to Las Vegas.

21. ROMEO TEODORO passed away as a result of negligent, reckless or intentional conduct of employees of KOREAN AIR LINES CO., LTD. or as a result of negligent, reckless or intentional conduct of persons under control of KOREAN AIR LINES CO., LTD.

22. That once it was discovered that ROMEO was not responsive, the flight continued on its regular course, and ultimately landed in Las Vegas, Nevada, USA.

**FIRST CAUSE OF ACTION**

**(NEGLIGENCE)**

23. Plaintiffs repeat, and reallege, each and every paragraph above as fully incorporated herein.

24. Defendant KOREAN AIR LINES CO., LTD., had, at a minimum, the duty to exercise reasonable and due care in providing commercial airline transportation to Romeo Teodoro; and, adequately recognizing and responding to any medical emergency.

COMPLAINT                                                                                                                        Page 4

25. Defendant was negligent by act or omission, by and through its agents, workmen, servants, and/or employees acting at all times within the course and scope of their employment, and further breached its duty of care owed to Plaintiffs by:

    a. Failing to assist Romeo Teodoro from the aircraft;

    b. Failing to keep the conditions in the aircraft suitable to sustain human life while Romeo Teodoro was left in the aircraft;

    c. Failing to render medical care to Romeo Teodoro once it was discovered he was left in the aircraft for approximately ten (10) minutes in freezing temperatures;

    d. Failing to render prompt aid and assistance;

    e. Failing to render effective aid and assistance;

    f. Failing to make an unscheduled landing or otherwise divert the aircraft in-flight, so as to allow Romeo Teodoro to obtain medical treatment;

    g. Failing to properly assess the condition of Romeo Teodoro prior to take-off;

    h. Allowing the aircraft to take-off knowing of the symptoms of Romeo Teodoro prior to take-off;

    i. Failing to land the aircraft as soon as possible once the condition of Romeo Teodoro clearly warranted an in-flight emergency diversion;

    j. Failing to provide proper medication and/or medical equipment and supplied to Romeo Teodoro;

    k. Failing to administer and provide proper medical care and attention;

    l. Such other acts of negligence as will appear during the course of discovery to be liability producing conduct on the part of this Defendant.

26. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendants, decedent Romeo Teodoro passed away, for which Plaintiffs seek

damages, compensation, and reimbursement permitted by law in excess of seventy five thousand dollars ($75,000.00).

27. That it has been necessary for the Plaintiffs to retain the services of an attorney to prosecute this action and said Plaintiffs are therefore entitled to reasonable attorney's fees herein.

## SECOND CAUSE OF ACTION
## (WRONGFUL DEATH BY NEGLIGENCE)

28. Plaintiffs repeat, and reallege, each and every paragraph above as fully incorporated herein.

29. That as a result of the negligent acts of the Defendants, by violating their duty to act in a reasonable and prudent fashion, did directly and/or proximately cause the death of the decedent Romeo Teodoro.

30. That by reason of the premises, and as a direct result of the actions and/or inactions of the Defendants, the Plaintiffs are therefore entitled to funeral expenses, loss of probable support, and any other special damages, an amount in excess of seventy five thousand dollars ($75,000.00).

31. That it has been necessary for the Plaintiffs to retain the services of an attorney to prosecute this action and said Plaintiffs are therefore entitled to reasonable attorney's fees herein.

## THIRD CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

32. Plaintiffs repeat, and reallege, each and every paragraph above as fully incorporated herein.

33. That the acts of Defendants, constitute extreme and outrageous conduct, were not privileged, and recklessly caused the decedent Romeo Teodoro injury, damages, and ultimately his

death, and caused the Plaintiffs to suffer severe emotional distress and suffering, damages, and/or destruction of their mental and emotional health.

34. The Defendants did intentionally inflict emotional distress upon person of decedent Romeo Teodoro and did proximately cause him emotional harm prior to his death, and proximately caused damages in an amount in excess of seventy five thousand dollars ($75,000.00).

35. That as a result of the conduct, actions, inactions, and/or omissions of the Defendants, of which were malicious, apprehensive, and/or committed with the conscious disregard for the rights, safety, health and/or life of the Plaintiffs, and each of them, and/or the decedent Romeo Teodoro, the Plaintiffs are entitled to an award of exemplary and punitive damages in an amount in excess of seventy five thousand dollars ($75,000.00).

36. That it has been necessary for the Plaintiffs to retain the services of an attorney to prosecute this action and said Plaintiffs are therefore entitled to reasonable attorney's fees herein.

**FOURTH CAUSE OF ACTION**

**(CONVENTION FOR THE UNIFICATION OF CERTAIN RULES FOR INTERNATIONAL CARRIAGE BY AIR)**

37. Plaintiffs repeat, and reallege, each and every paragraph above as fully incorporated herein.

38. Pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air or the "Montreal Convention" at Art. 17(1), KOREAN AIR LINES CO., LTD. is liable for the wrongful death of ROMEO TEODORO as all the actions and occurrences complained of occurred on board certain KOREAN AIR LINES CO., LTD. flights.

39. That ROMEO TEODORO duly purchased a ticket for certain flights from the Philippines with an ultimate destination of Las Vegas, Nevada and was a passenger aboard said flights.

COMPLAINT                                                                                                              Page 7

40. That when the flight landed in Seoul, South Korea, the outside temperature was around minus five degrees Fahrenheit (-5 F) and KOREAN AIR LINES CO., LTD. personnel or persons under its control, opened the rear door near where wheelchair bound ROMEO TEODORO sat.

41. KOREAN AIR LINES CO., LTD. personnel, employed by or acting on its behalf, knew that ROMEO TEODORO needed assistance onto his wheelchair and assistance off of the plane.

42. That KOREAN AIR LINES CO., LTD. personnel, employed by or acting on its behalf, negligently, recklessly, or willfully failed in their duty to assist Mr. TEODORO off of the plane.

43. That as a result of negligent, reckless, or willful actions by KOREAN AIR LINES CO., LTD., ROMEO TEODORO, bound by a wheelchair, was subjected to unreasonably cold temperatures for at least ten minutes causing his ultimate death.

44. That as a proximate and direct result, plaintiffs have suffered damages in excess of seventy five thousand dollars ($75,000.00).

45. That it has been necessary for the Plaintiffs to retain the services of an attorney to prosecute this action and said Plaintiffs are therefore entitled to reasonable attorney's fees herein.

**FIFTH CAUSE OF ACTION**

**(DEATH ON THE HIGH SEAS ACT)**

46. Plaintiffs repeat, and reallege, each and every paragraph above as fully incorporated herein.

47. That as a result of negligent, reckless, or willful actions by KOREAN AIR LINES CO., LTD., ROMEO TEODORO, bound by a wheelchair, was subjected to unreasonably cold temperatures for at least ten minutes causing his ultimate death.

COMPLAINT

48. That pursuant to the Death on the High Seas Act (DOHSA), 46 U.S.C.S. Appx. §§ 761 et. seq., ROMEO TEODORO'S heirs are entitled to fair and just compensation for the pecuniary losses sustained as a result of the Defendants' conduct, and each of them.

49. That as a proximate and direct result, plaintiffs have suffered damages in excess of seventy five thousand dollars ($75,000.00).

50. That it has been necessary for the Plaintiffs to retain the services of an attorney to prosecute this action and said Plaintiffs are therefore entitled to reasonable attorney's fees herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for the following:

1. For an award of damages in excess of $75,000.00.
2. For an award of punitive damages in excess of $75,000.00
3. For costs and reasonable attorney fees.

DATED this 8th day of October, 2014.

Respectfully Submitted:

**/s/ Randal R. Leonard, Esq.**
RANDAL R. LEONARD, ESQ.
Nevada Bar No. 6716
500 S. Eighth St.
Las Vegas, NV 89101
(702) 598-3667/ office
(702) 598-3926/ facsimile
rleonard999@yahoo.com
Attorney for Plaintiffs

COMPLAINT                                                                                             Page 9