1  Andrew C. Johnson (Nevada Bar No. 11616)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, CA  90067
3  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
4  Email: ajohnson@condonlaw.com

5  Jonathan W. Carlson (Nevada Bar No. 10536)
   McCORMICK BARSTOW, LLP
6  8337 W. Sunset Road, Suite 350
   Las Vegas, NV 89113
7  Telephone: (702) 919-1100
   Facsimile: (702) 949-1101
8  Email: jonathan.carlson@mccormickbarstow.com

9  Attorneys for Defendant
   KOREAN AIR LINES CO., LTD., a foreign corporation

10

11              **UNITED STATES DISTRICT COURT**

12                    **DISTRICT OF NEVADA**

13

14  ROSEMARIE T. BONE, Special          )  Case No. 2:14-cv-01673-APG-(CWH)
    Administrator Of The ESTATE OF      )
15  ROMEO TEODORO, Deceased;            )  **STIPULATION AND [PROPOSED]**
    ROSEMARIE T. BONE, an individual;   )  **PROTECTIVE ORDER**
16  ERNESTO TEODORO, an individual; and )
    ELENITA PANGALILINGAN, an           )
17  individual;                         )  Judge:  Hon. Andrew P. Gordon
                                        )
18            Plaintiffs,               )
                                        )
19        vs.                           )
                                        )
20  KOREAN AIR LINES CO., LTD., a       )
    foreign corporation; DOES 1 through 10; )
21  and ROE CORPORATIONS 1 through 10,  )
                                        )
22            Defendants.               )
                                        )
23  _____     )

24

25        Pursuant to Federal Rules of Civil Procedure 26(c), the parties hereto agree, and

26  the Court hereby enters, this Stipulated Protective Order ("Order") governing the

27  disclosure during pretrial discovery and the subsequent handling of highly sensitive

28  and confidential information as follows:

### 1. PURPOSES AND LIMITATIONS

**1.1 Scope.** This Protective Order shall apply to proceedings and discovery in the above-captioned cases known as *Bone v. Korean Air Lines Co., Ltd.*, et al., Case No. 14-cv-01673-APG-(CHW).

**1.2 Need.** This case arises from a December 5, 2012, incident in which Romeo Teodoro perished onboard a flight operated by defendant Korean Air Lines Co. ("Korean Air") due to artherosclerotic heart disease. The parties anticipate that they will engage in extensive discovery regarding, among other things: (1) Korean Air's policies and procedures for providing various services to passengers, (2) Romeo Teodoro's health status, including his artherosclerotic heart disease, preceding his eventual death, and (3) plaintiffs' damages, as reflected in, *inter alia*, employment and medical records, and other private documents.

Discovery concerning these and other topics will necessitate the disclosure of what each party contends is confidential and sensitive information, such as trade secrets, proprietary information, personal information for individuals who are not parties to this lawsuit, financial information, Romeo Teodoro's medical, employment and financial information, and plaintiffs' medical, employment and financial information. Prior to production, no party can effectively evaluate the claims of the other as to the need for protection. Thus, a means that enables the production of documents at least to the point of evaluating the asserted need for protection, as well as an order specifying how such documents need to be treated, is required in this case. Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

In essence, in the absence of this Order, the Court would have to evaluate innumerable documents individually, and this task would likely severely burden the Court's processes and slow discovery. As to those documents that are entitled to protection, disclosure of such confidential information is likely to prejudice the

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

legitimate business, competitive, and/or privacy interests of parties or of third parties. A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

**1.3    Application.** This Order shall govern any information produced in this litigation by any party or third party, in any form (including, but not limited to, documents, magnetic media, answers to interrogatories, responses to document demands, responses to requests for admissions, and deposition testimony and transcripts, when the party producing the information reasonably believes that the information to be produced contains private, proprietary, sensitive, trade secret, non-public financial or medical information. Documents, or portions thereof, that are considered confidential may be so designated by marking them, in their entirety, as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY," as hereinafter provided for in this Order.

**1.4    Limitations.** The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the  information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2.    DEFINITIONS

**2.1    Confidential Information.** "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to proprietary information, trade secrets, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies, performance and projections, non-public business

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-3-

strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships, personal identifying information for individuals who are not parties to this lawsuit, health and medical information, and financial and employment records.

For purposes of this section, "trade secrets" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

For purposes of this section, "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" includes a limited subset of Confidential Information that contains or discloses materials which the Producing Party in good faith believes to be of a sufficiently high degree of commercial sensitivity and/or which would result in competitive injury if disclosed.

**2.2   Documents.**  As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, emails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained, and other tangible things subject to production under the Federal Rules of Civil Procedure.

**2.3   Designating Party.**  The "Designating Party" is the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

**2.4   Producing Party.**  The "Producing Party" is the party or non-party that produces documents in this action.

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

**2.5     Receiving Party.**  The "Receiving Party" is the party that receives documents from a Producing Party.

## 3.     INITIAL DESIGNATION

**3.1     Produced Documents.**  A party producing documents that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following: **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".**

If the party producing documents believes in good faith that disclosure of the information contained in the documents to one or more parties would result in competitive injury or otherwise compromise privacy rights the producing party may mark such documents or things as follows:  **"CONFIDENTIAL ATTORNEYS' EYES ONLY".**

These labels shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief are legally entitled to protection from discovery and disclosure under  Federal Rule of Civil Procedure 26(c) and applicable case law.

If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for the asserted protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**3.2     Interrogatory Answers.**  If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1.  The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-5-

**3.3    Inspections of Documents.**  In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection. For the purposes of such inspection, all material inspected shall be considered as Confidential Information.  If the inspecting party selects specified documents to be copied, the Producing Party shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

**3.4    Deposition Transcripts.**  After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript (including exhibits) that it wishes to designate as Confidential Information.  The entire deposition transcript (including exhibits) shall be treated as Confidential Information for twenty-one (21) days after receipt.  If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as Confidential Information.  All parties in possession of a copy of a designated deposition transcript shall mark the front of each copy of the transcript with:  "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."  If all or part of a videotaped deposition is designated as confidential, the videocassette, DVD, and the containers shall also be marked as containing Confidential Information.

**3.5    Multi-page Documents.**  A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.1 on each page of the document containing Confidential Information.

**3.6    Electronic Data.**  "Electronic data" means information stored or recorded in the form of electronic or magnetic media (including information, files,

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

1  databases or programs stored on any digital or analog machine-readable device,

2  computers, discs, networks or tapes).  Counsel for the Producing Party will designate

3  Electronic Data as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES

4  ONLY" in a cover letter identifying the information generally.  When feasible,

5  counsel for the Producing Party will also mark the electronic or magnetic media with

6  the appropriate designation.  Whenever any party to whom Electronic Data designated

7  as Confidential Information is produced reduces such material to hardcopy form, such

8  party shall mark the hardcopy form with the label specified in subparagraph 3.1.

9  Whenever any Confidential Information Electronic Data is copied into another file, all

10 such copies shall also be marked "CONFIDENTIAL" or "CONFIDENTIAL

11 ATTORNEYS' EYES ONLY," as appropriate.

12      To the extent that any party or counsel for any party creates, develops or

13 otherwise establishes on any digital or analog machine-readable device, recording

14 media, computers, discs, networks or tapes any information, files, databases or

15 programs that contain information designated "CONFIDENTIAL" or

16 "CONFIDENTIAL ATTORNEYS' EYES ONLY," that party and its counsel must

17 take all necessary steps to ensure that access to that electronic or magnetic media is

18 properly restricted to those persons who, by the terms of this Order, may have access

19 to Confidential Information.

20      **3.7    Inadvertent Failures to Designate.**  If a Producing Party inadvertently

21 fails to stamp or otherwise appropriately designate certain documents upon their

22 production, it may thereafter designate such document as "CONFIDENTIAL" or

23 "CONFIDENTIAL ATTORNEYS' EYES ONLY" by promptly giving written notice

24 to all parties that the material is to be so designated.  Such written notice shall identify

25 with specificity the information or documents the Producing Party is then designating

26 to be "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY"

27 material.  If the Producing Party gives such written notice as provided above, their

28 claims of confidentiality shall not be deemed to have been waived by failure to

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-7-

1  designate properly the information as "CONFIDENTIAL" or "CONFIDENTIAL
2  ATTORNEYS' EYES ONLY" prior to disclosure.  Upon receipt of written notice as
3  provided for herein, the Receiving Party shall then stamp or otherwise mark the
4  original and all known copies of the documents with the proper designation as
5  described above.  In addition, the Receiving Party shall use its best efforts to ensure
6  that the information that was inadvertently disclosed is thereafter restricted to only
7  those persons entitled to receive "CONFIDENTIAL" or "CONFIDENTIAL
8  ATTORNEYS' EYES ONLY" information under the terms set forth herein.

9      **3.8**    **Rule 26 Disclosures.**  If a party making mandatory disclosures required
10  believes that its answer contains Confidential Information, it shall set forth its answer
11  in a separate document that is produced and designated in the same manner as a
12  produced document under subparagraph 3.1.  Such disclosure should make reference
13  to the separately produced document containing the information, but such document
14  should not be attached to the disclosure.

16  **4.**    **DESIGNATIONS BY ANOTHER PARTY**
17      **4.1**    **Notification of Designation.**  If a party other than the Producing Party
18  believes that a Producing Party has produced a document that contains or constitutes
19  Confidential Information of the non-Producing Party, the non-Producing Party may
20  designate the document as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS'
21  EYES ONLY" by so notifying all parties in writing by facsimile within sixty (60)
22  days of service of the document.

23      **4.2**    **Return of Documents; Non-disclosure.**  Whenever a party other than
24  the Producing Party designates a document produced by a Producing Party as
25  Confidential Information in accordance with subparagraph 4.1, each party receiving
26  the document shall either add the "CONFIDENTIAL" or "CONFIDENTIAL
27  ATTORNEYS' EYES ONLY" designations in accordance with subparagraph 3.1 or
28  substitute a copy of the document bearing that designation in accordance with

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-8-

1  subparagraph 3.1 for each copy of the document produced by the Producing Party.

2  Each party shall destroy all undesignated copies of the document or return those

3  copies to the Producing Party, at the direction of the Producing Party.  No party shall

4  disclose a produced document to any person, other than the persons authorized to

5  receive Confidential Information under subparagraph 7.1, until after the expiration of

6  the sixty (60) day designation period specified in subparagraph 4.1.  If during the sixty

7  (60) day designation period, a party discloses a produced document to a person

8  authorized to receive Confidential Information under subparagraph 7.1, and that

9  document is subsequently designated as Confidential Information in accordance with

10  subparagraph 4.1, the disclosing party shall cause all copies of the document to be

11  destroyed or returned to the Producing Party, at the direction of the Producing Party.

12  The party may thereafter disclose a copy of the document that has been marked as

13  Confidential Information by the Designating Party, in accordance with subparagraph

14  7.1.

15

16  **5.      OBJECTIONS TO DESIGNATIONS**

17      A party is not obligated to challenge the propriety of a "CONFIDENTIAL" or

18  "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation at the time made, and

19  failure to do so will not preclude a subsequent challenge thereto.  In the event that a

20  party disagrees with a designation of "CONFIDENTIAL" or "CONFIDENTIAL

21  ATTORNEYS' EYES ONLY" that party shall notify the Designating Party in writing

22  of the disagreement prior to the close of fact discovery.  The objecting party and the

23  Designating Party shall promptly confer in an attempt to resolve their differences.  If

24  the Designating Party and objecting party are unable to resolve their differences, the

25  objecting party shall have twenty-one (21) days from the date of notifying the

26  Designating Party of the objection to file a motion seeking the Court's ruling on

27  whether the information should remain designated as "CONFIDENTIAL" or

28  "CONFIDENTIAL ATTORNEYS' EYES ONLY."  The contested material shall be

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-9-

1   lodged with the Court under seal.  The burden of proving that the information has

2   been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL

3   ATTORNEYS' EYES ONLY," based on the standards for such designations set forth

4   herein, is on the Designating Party.

5          All documents initially designated as "CONFIDENTIAL" or

6   "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall continue to be subject to this

7   Order unless and until the Court rules otherwise.  If the objecting party elects not to

8   make a motion for a clarifying ruling with respect to whether documents should be

9   designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES

10  ONLY," it shall be deemed to have withdrawn its objection.

11

12  **6.     CUSTODY**

13         During the pendency of this litigation (including any appeals) and for ninety

14  (90) days after the conclusion of this litigation, all Confidential Information and any

15  and all copies, extracts and summaries thereof, including memoranda relating thereto,

16  shall be retained by the Receiving Party in the custody of counsel of record, or by

17  persons to whom disclosure is authorized under subparagraph 7.1 or by the Judge.

18  Paragraph 9 addresses in more detail handling of Confidential Information after the

19  conclusion of this litigation.

20

21  **7.     HANDLING PRIOR TO TRIAL**

22         **7.1    Authorized Disclosures**

23                **7.1.1** Materials designated "CONFIDENTIAL" shall only be disclosed

24  to the following persons.  Before disclosing Confidential Information to any of the

25  following persons, counsel shall ensure that the persons receiving Confidential

26  Information are aware of the terms of this Protective Order and agree to comply with

27  those terms:

28

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-10-

1        a.    Attorneys appearing as counsel of record in these

2    proceedings and personnel who are directly employed by such counsel and who are

3    actively assisting in the preparation of this litigation;

4        b.    Counsel's third-party consultants and independent experts

5    (and their agents and employees) who are employed for the purposes of this litigation;

6        c.    Parties to this litigation, limited to the named party and if

7    that party is a corporate entity, those officers, directors, employees, in-house counsel,

8    and insurers whose assistance is required for purposes of the litigation and who must

9    have access to the materials to render such assistance;

10       d.    Any deponent, during his or her deposition, who is the

11   Designating Party or a current employee or member of the Designating Party (or any

12   person who prepared or assisted directly in the preparation of the CONFIDENTIAL

13   material);

14       e.    Any other deponent as to whom there is a legitimate need to

15   disclose particular materials for purposes of identifying or explaining it or refreshing

16   recollection;

17       f.    Fact witnesses or potential percipient witnesses at or in

18   preparation for deposition or trial;

19       g.    Outside vendors employed by counsel for copying, scanning

20   and general handling of documents;

21       h.    Persons or entities that provide litigation support services in

22   connection with the taking of depositions, including necessary stenographic,

23   videotape, and clerical personnel; and

24       i.    The Court and Court's Staff to whom materials are

25   submitted as evidence or in connection with a motion or opposition thereto, subject to

26   the Court's processes for filing materials under seal.

27       Such disclosures are authorized only to the extent necessary to prosecute or

28   defend this litigation.  Information designated as "CONFIDENTIAL" shall not be

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-11-

1  disclosed to persons described in Paragraphs 7.1.1(b), 7.1.1(e), of 7.1.1(f) unless and

2  until such persons are provided a copy of this Protective Order, represent that they

3  have read and understand the provisions of this Order, are advised by the disclosing

4  counsel that they are bound by the provisions of this Protective Order and execute an

5  Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form

6  attached hereto as Exhibit A.  The originals of such Confidentiality Agreements shall

7  be maintained by the counsel who obtained them until the final resolution of this

8  litigation.  Confidentiality Agreements and the names of persons who signed them

9  shall not be subject to discovery except upon agreement of the parties or further order

10  of the Court after application upon notice and good cause shown.

11      **7.1.2**  Confidential Information designated as "CONFIDENTIAL

12  ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

13          a.      Counsel of record in this action, and counsel's employees

14  working under their supervision to whom it is reasonably necessary that the material

15  be shown for purposes of this litigation;

16          b.      One designated member of the in-house general counsel

17  staff of the non-individual party receiving the information who is not involved in

18  competitive decision-making;

19          c.      Outside vendors employed by counsel for copying, scanning

20  and general handling of documents;

21          d.      The Court and Court personnel and stenographic reporters at

22  depositions taken in this litigation or otherwise during the taking of testimony at a

23  hearing and/or trial; and

24          e.      Such other persons as may be designated by written

25  agreement of the parties or by Court order.

26      It shall be the duty of the parties to ensure that each person given access to

27  "CONFIDENTIAL ATTORNEYS' EYES ONLY" material, as defined herein, be

28  made aware of the provisions of this Order.  Information designated

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-12-

"CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than the individuals specified in this paragraph. Additionally, information designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed to persons described in Paragraphs 7.1.2(b) or 7.1.2(e) unless and until such persons are provided a copy of this Protective Order, represent that they have read and understand the provisions of this Order, are advised by the disclosing counsel that they are bound by the provisions of this Protective Order and execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A.

  **7.1.3** Nothing in this Protective Order shall prohibit a party or its counsel from disclosing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY material to (a) the person(s) who authored the document or material; (b) persons who previously received the document or material or a copy thereof not in violation of this Order; (c) persons employed by the Producing Party; or (d) any other person or entity, provided that, with respect to that person or entity, the Producing Party and Producing Party's counsel first approve such disclosure in writing.

  **7.2** **Additional Protection.** If a Designating Party believes that the disclosure and handling procedures provided for in this Order are not sufficient because certain material is extremely sensitive, the Designating Party shall inform the other parties to the litigation and attempt to reach an agreement on the handling of the material. If the parties cannot reach an agreement, the Designating Party may file a motion with the court for a more restrictive order. Such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

  **7.3** **Unauthorized Disclosures.** If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the Designating Party. Without prejudice to other rights and remedies

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-13-

1   of the Designating Party, the responsible party or person shall make every effort to

2   obtain the return of the Confidential Information and to prevent further disclosure on

3   its own part or on the part of the person who was the unauthorized recipient of such

4   information.

5       **7.4   Court Filings.**  In the event any Confidential Information must be filed

6   with the Court prior to the trial, the proposed filing shall be filed under seal.

7       **7.5   Information Protected by Korea's PIPA.**  Defendant Korean Air is

8   subject to the Republic of Korea's Personal Information Privacy Act ("PIPA").

9   Korean Air shall produce and disclose relevant, discoverable information that is

10   otherwise protected from disclosure by PIPA.  Such information shall be deemed

11   CONFIDENTIAL or CONFIDENTIAL ATTONEYS' EYES ONLY, as those terms

12   are defined herein.

13

14   **8.   HANDLING DURING TRIAL**

15       Confidential Information that is subject to this Order may be marked and used

16   as trial exhibits by any party, subject to terms and conditions as imposed by the trial

17   court upon application by the Designating Party.

18

19   **9.   HANDLING AFTER DISPOSITION**

20       Within 90 days of the conclusion of this litigation (including any appeals), the

21   Designating Party may request that any or all Confidential Information be returned to

22   the Designating Party.  After receiving a request to return, the Receiving party at its

23   option may destroy Confidential Information instead of returning it to the Designating

24   party, but must so notify the Designating Party.  The request for return shall

25   specifically identify the documents or things to be returned if return of less than all

26   Confidential Information is requested.  The attorney for the Receiving Party shall

27   collect, assemble and return within 60 days all such Confidential Information,

28   including all copies and extracts thereof in the possession of the Receiving Party, its

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-14-

1  counsel or other authorized recipients, but not including copies, extracts or summaries

2  that contain or constitute attorney work product.  If such work product is retained,

3  however, the Confidential Information contained herein will continue to be controlled

4  by this Protective Order.  Receipt of returned Confidential Information shall be

5  acknowledged in writing if such an acknowledgment is requested.

6

7  **10.    USE OF CONFIDENTIAL INFORMATION**

8        Confidential Information shall not be used by any person, other than the

9  Producing Party, for any purpose other than prosecuting, defending or settling this

10  litigation.  In no event shall Confidential Information be used for any business,

11  competitive, personal, private, public or other purpose, except as required by law.

12  Documents that are to be protected under this Protective Order contain information

13  which the parties contend is confidential including research, development, and

14  commercial information that is valuable in Korean Air's respective business.  In this

15  case, the good cause for keeping these documents confidential includes the need to

16  preserve the parties' current and/or future competitive advantage.  If third parties gain

17  access to the confidential information, the parties' businesses would suffer specific

18  prejudice or harm because their competitive advantage would be compromised or lost.

19  This finding of prejudice is made for the purpose of complying with *Foltz v. State*

20  *Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

21

22  **11.    NO IMPLIED WAIVERS**

23        The entry of this Order shall not be interpreted as a waiver of the right to object,

24  pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in

25  response to discovery requests or to object to a requested inspection of documents or

26  facilities.  Neither the agreement to, nor the taking of any action in accordance with

27  the provisions of this Protective Order, nor the failure to object thereto, shall be

28

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-15-

interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**12.   MODIFICATION**

In the event any party hereto seeks a Court order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

**13.   CARE IN STORAGE**

Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

**14.   NO ADMISSION**

Neither this Order nor the designation of any item as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**15.   NO APPLICATION**

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that (a) at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or (b) at the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available. Furthermore, nothing in this Order shall preclude any party to this

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

-16-

Order from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" material.

## 16.   INADVERTENT PRODUCTION

Nothing in this Order abridges applicable law concerning inadvertent production of a document that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

## 17.   PARTIES' OWN DOCUMENTS

This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or non-party.

## 18.   NO EFFECT ON OTHER RIGHTS

This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

## 19.   EXECUTION IN COUNTERPARTS

This agreement may be executed in counterparts. Facsimile signatures will be considered as valid signatures as of the date hereof.

## 20.   EFFECT OF ORDER

This Order is binding on all parties to this action and on all parties who have agreed to be bound by this Order, and shall remain in full force and effect until modified, superseded or terminated by consent of the parties or by Order of Court. This Court expressly retains jurisdiction over this action for enforcement of the

-17-

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

1   provisions of this Order following the resolution of this litigation.

2

3   **IT IS SO ORDERED.**

4

5   Dated:   April 24, 2015

6                                              The Honorable Carl W. Hoffman
                                               United States Magistrate Judge
7

8   **STIPULATED AND AGREED TO:**

9   Dated:   March 27, 2015          CONDON & FORSYTH LLP

10

11

12                                   By: _/s/ Andrew C. Johnson_
                                         ANDREW C. JOHNSON
13                                       Attorneys for Defendant
                                         Korean Air Lines Co., Ltd., a foreign
14                                       corporation

15

16   Dated:   March 27, 2015          LAW OFFICE OF RANDAL R. LEONARD,
                                       ESQ.
17

18

19                                   By: _____
20                                       RANDAL R. LEONARD
                                         Attorney for Plaintiffs
21                                       Rosemarie T. Bone, Special
                                         Administrator of the Estate of Romeo
22                                       Teodoro, Deceased; Rosemarie T. Bone,
                                         an individual; Ernesto Teodoro, an
23                                       individual; and Elenita Pangalilingan, an
                                         individual
24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-01673-APG-CWH
LAOFFICE 110388v.1

Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010

# EXHIBIT A

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ROSEMARIE T. BONE, Special
Administrator Of The ESTATE OF
ROMEO TEODORO, Deceased;
ROSEMARIE T. BONE, an individual;
ERNESTO TEODORO, an individual; and
ELENITA PANGALILINGAN, an
individual;

        Plaintiffs,

    vs.

KOREAN AIR LINES CO., LTD., a
foreign corporation; DOES 1 through 10;
and ROE CORPORATIONS 1 through 10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:14-cv-01673-APG-(CWH)

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER**

Judge:  Hon. Andrew P. Gordon

**CONFIDENTIALITY AGREEMENT**

I, _____, declare under penalty of perjury that:

1.    I am fully familiar with and agree to comply with and be bound by the provisions of the Stipulated Protective Order (the "Order"), and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I understand and acknowledge that failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt.

2.    I understand that I am to retain all copies of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in a

-19-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010
Telephone: (310) 557-2030

secure manner, and that all copies are to remain in my personal custody until this action is terminated or until I have completed by assigned duties, whichever occurs earlier, whereupon the copies and any writings prepared by me containing any information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" are to be destroyed or returned to counsel who provided me with such material at the option of counsel.

3.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

4.      I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after this action is terminated.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____ _____, 20___.


Signature: _____

**Name:**

**Title:**

**Affiliation:**

**Address:**

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California, 90067-6010
Telephone: (310) 557-2030

-20-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-01673-APG-CWH
LAOFFICE 110388v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2015, a true and correct copy of **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By:     /s/ *Cherlyn Hunt*

Cherlyn Hunt, an Employee of
CONDON & FORSYTH, LLP

LAOFFICE 113761v.1